KÖRBER & CO., PLAINTIFFS AND APPELLEES, *v.* ORRACH, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 2708.—Decided June 20, 1923.

DEBT—PRINCIPAL AND AGENT—EVIDENCE.—The present action was brought for the recovery of the cost of materials supplied to the superintendent of construction for the account of the manager. The evidence is contradictory as to whether the former purchased the materials with the authority of the latter, and it not having been shown that the court was influenced by passion, prejudice or partiality or committed manifest error in weighing the evidence, the judgment was affirmed.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

*Mr. H. G. Molina* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Körber & Company brought an action against Guillermo

Orrach to recover $1,438.10, the price of certain materials sold by the plaintiffs to a representative of the defendant. During the trial and by virtue of the endorsement of a certain check the claim was reduced to $1,018.10. Evidence having been examined, the court rendered judgment against the defendant and he took the present appeal.

The appellant's brief covers 97 pages. The errors are divided into three groups, thus: 1, Errors through inexactness of certain matters erroneously supposed to be facts; 2, errors in the weighing of the evidence, and, 3, errors of law. Then twenty-one errors are assigned and discussed.

The district judge wrote a lengthy and detailed opinion in support of the judgment and the appellant analyzes, compares and comments on that opinion in connection with the pleadings and the evidence, also at length and minutely. We shall not follow that method. In substance there is only one question involved in this appeal and that is whether or not the trial court committed manifest error in weighing the evidence.

In our opinion it is evident that defendant Orrach contracted with the Department of the Interior of Porto Rico for the construction of certain kilometers of the public road between Corozal and Barros and put in charge of the work his nephew, José B. Salvá. The defendant himself at the trial testified as follows:

"Q.—Whom did you have there in charge? A.—The management was in my charge and the material part of the work was in his. Q.—The managing part was yours? A.—Yes. Q.—What did you do in the management? A.—Look for money, furnish money. Q.—To whom? A.—To Salvá. Q.—What else did you do in the management? A.—Nothing else. The rest was material work, to attend to the work and procure resources. Q.—Do you say attend to the material work? A.—I have not said that. I furnished the necessary resources for the management of the work and Salvá was in charge of the execution of the work of construction, the material work. Q.—The only thing that you had to

do with the work was to furnish the money? A.—Yes. Q.—You did not purchase the materials. A.—No. Q.—You did not employ the laborers? A.—No. Q.—You did nothing but furnish the money to Salvá? A.—Yes.''

It is evident also that Salvá purchased from the plaintiffs the materials whose price is sued for in this action. The plaintiffs maintain that Salvá acted with authority from the defendant and that the defendant finally acknowledged the account and agreed to pay it. The defendant contends that he did not authorize his nephew to make such purchases on credit and did not acknowledge the debt. The evidence on these essential points is conflicting. The testimony of William Munch, Francisco Gatell and José B. Salvá supports the contention of the plaintiffs. That of the defendant is supported by his own testimony.

It seems proper to quote the following from the testimony of Salvá who was recalled after the defendant had testified:

''Q.—What power, if any, did Mr. Orrach give you to open accounts and purchase materials for the work between Corozal and Barros? A.—Although it was verbal there was an agreement between us. I was the only person who participated in the business and therefore I was empowered to purchase, hire and do everything that was necessary. Q.—Do you know whether Mr. Orrach was aware that you were taking materials on credit at Körber's for that work? A.—Unquestionably. Q.—Why unquestionably? A.—Because they were necessary for the construction of the road. Q.—Did he know that you were buying materials at the Körber establishment? A.—He knew that they came from Körber. Q.— How did he know? A.—Because I informed him. * * * Q.— When you went to Körber's to open that account you say that you carried authorization from your uncle? A.—I took the contract with me and showed it. He said to those in charge at Körber's: 'This is my nephew who is authorized to purchase.' ''

The judge adjusted the conflict against the defendant and as he did not show satisfactorily that the trial court acted with passion, prejudice or partiality, or committed a

manifest error, in accordance with repeated jurisprudence of this court the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.